# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DEVONERE SIMMONDS,

               Petitioner,        :       Case No. 2:19-cv-296

   - vs -                            District Judge Edmund A. Sargus, Jr.
                                  Magistrate Judge Michael R. Merz

RONALD ERDOS, Warden,
  Southern Ohio Correctional Facility,

                                  :
               Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 30) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (the Report, ECF No. 28). District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 31).

With the assistance of counsel from the Ohio Public Defender's Office, Petitioner Devonere Simmonds brought this habeas corpus action under 28 U.S.C. § 2254 to challenge his convictions in the Franklin County Court of Common Pleas and particularly his sentence to an aggregate term of life imprisonment without the possibility of parole plus forty-eight years. *State v. Simmonds,* 2017-Ohio-2739, ¶ 9 (10th Dist. May 9, 2017). In the same opinion, the Tenth District summarized the underlying offenses:

> {¶2} On July 21, 2013, Simmonds shot both James Norvet and Quinten Prater in the head. Prater, who was shot with a shotgun, did not survive. Three days later, on July 24, Simmonds fatally shot a third person, Imran Ashgar, a convenience store clerk during a

1

> robbery. He shot him in the eye; departed briefly; then returned and shot him a second time in the head as he lay wounded on the floor. Three days after that, during Simmonds' attempt to flee Ohio, Simmonds approached William Rudd at a gas station, shot him in the face, and stole his truck. Rudd managed to survive. Simmonds was 17 years old when he committed these offenses.

*Id.* at ¶ 2.

The Report describes the procedure the Common Pleas Court followed for sentencing (ECF No. 28, PageID 3445-47.) After the Supreme Court of Ohio declined jurisdiction on direct appeal, Simmonds filed a post-conviction petition under Ohio Revised Code § 2953.21 with the assistance of the Ohio Public Defender who continues to represent him in this proceeding. The Petition pleads one ground for relief, ineffective assistance of trial counsel in presenting mitigating evidence at sentencing (ECF No. 2, PageID 112). Because the Tenth District Court of Appeals decided that issue on the merits, the question presented in habeas is whether that decision is entitled to deference under 28 U.S.C. § 2254(d)(1) and (2). The Report concluded that the state court decision was entitled to deference on both the deficient performance and the prejudice prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), and recommended the Petition be dismissed (ECF No. 28, PageID 3462). The instant Objections followed.

## Analysis

Simmonds correctly notes that he is entitled to *de novo* review on his Objections (ECF No. 30, PageID 3472). He raises five specific objections to the Report's conclusions which will be discussed here *seriatim*.

**Objection 1.   Definition of Deficient Performance**

Simmonds objects that "[t]he Magistrate Judge erred in recommending that counsel's performance was not deficient because the Eighth Amendment cases do not define deficient performance." (Objections, ECF No. 30, PageID 3473, citing Report, ECF No. 28, PageID 3462).

No such specific recommendation occurs at PageID 3462.  In the deficient performance part of the Report, the Magistrate Judge noted that the Tenth District Court of Appeals held *Strickland* was the controlling Supreme Court precedent, rather than *United States v. Cronic*, 466 U.S. 648 (1984), which speaks to complete denial of counsel at a critical stage of proceedings. In the Objections Simmonds asserts that *Strickland,* rather than *Cronic*, is the clearly established law that must be followed here (ECF No. 30, PageID 3473), but neither the Tenth District nor the Report quarrels with that.  What the Report concluded is that neither the Supreme Court's line of ineffective assistance of trial counsel cases following *Strickland* nor its Eighth Amendment line of cases dealing with juveniles clearly establishes that what trial counsel omitted to do in mitigation in this case constitutes deficient performance.  The Magistrate Judge agrees that the Supreme Court's juvenile justice precedents should influence and guide professional norms in the representation of juveniles.  But that is far distant from applying *Trial Defense Guidelines: Representing a Child Facing a Possible Life Sentence* promulgated by The Campaign for the Fair Sentencing of Youth as the standard for deciding if a defense attorney's representation was deficient.  Even the American Bar Association's Guidelines for capital defense have never achieved that status. The 1989 and 2003 ABA Guidelines are not "inexorable commands"; rather, they are "only guides for what reasonableness means, not its definition." *Post v. Bradshaw*, 621 F.3d 406 (6th Cir. 2010), *quoting Bobby v. Van Hook,* 558 U.S. 4, 8 (2009).

**Objection 2. Failure to Appropriately Distinguish Holdings and Dicta**

Simmonds next objects "[t]he Magistrate Judge erred in recommending that portions of *Miller [v. Alabama]*, are merely dicta, and not to be relied on in a *Strickland* analysis." (Objections, ECF No. 30, PageID 3474, citing Report, ECF No. 28, PageID 3458-60.) What the Report says is that "The **holding** in *Miller* is that a mandatory life without parole sentence for a juvenile murderer violated the Eighth Amendment. *Miller* did not hold that a lawyer who fails to present such [mitigation] evidence [as was not presented here] has performed deficiently." (ECF No. 28, PageID 3459-60; emphasis in original.)

The Objections do not offer a competing analysis of what the holding of *Miller* might be. Instead, they treat the distinction between holding and dicta as immaterial. Petitioner posits that what counts, whether holding or dicta, is "Miller's explanation about 'the distinctive attributes of youth' which are said to be "crucial to understanding attorney performance in *Strickland's* assessment of "prevailing professional norms." "The developments in brain science demonstrating the decreased culpability of children and the 'distinctive attributes of youth' were the fundamental basis for determining that there should be individualized sentencing." *Miller* at 472, 475, citing *Graham* at 71. It is the doctrine of the *Miller* decision." (Objections, ECF No. 30, PageID 3474.

With respect, it is not the "doctrine" of Supreme Court decisions that controls in habeas corpus, but only the holdings. Only holdings of the Supreme Court, not dicta in its opinions, can warrant habeas corpus relief. *Bryan v. Bobby*, 843 F.3d 1099 (6th Cir. 2016), citing *White v. Woodall,* 572 U.S. 415 (2014). "Dicta is the '[o]pinion[] of a judge which do[es] not embody the resolution or determination of the specific case before the court.'" *Hinchman v. Moore*, 312 F.3d

198 (6th Cir. 2002)(quoting Black's Law Dictionary 454 (6th ed.1990). The holding in Miller is there cannot be a mandatory life without parole sentence imposed on a juvenile offender. The Court's statement of the basis of its holding in continue research into human brain development is not the holding. To the extent that outlawing mandatory life without parole for juveniles prescribes "individualized sentencing," that is what happened here. But "individualized sentencing" does not command any particular level of mitigation evidence.

**Objection 3. Tolerance of Insufficient Psychological Evaluation**

Petitioner's Third Objection is that "[t]he Magistrate Judge erred in recommending that "recent" psychological reports submitted by trial counsel were sufficient and didn't constitute deficient performance prejudicing Devonere." (Objections, ECF No. 30, PageID 3476, citing Report, ECF No. 28, PageID 3460.)

This Objection misstates the recommendation. The Tenth District Court of Appeals held that, in light of the very serious nature of the crimes Simmonds committed, he had not established the prejudice prong of Strickland when the two post-arrest psychological evaluations which were submitted for sentencing were compared with the more thorough report submitted in post-conviction. The Magistrate Judge recommended finding this conclusion was not an unreasonable application of *Strickland*.

**Objection 4. Focus on Efficiency**

In his Fourth Objection, Simmonds asserts "[t]]he Magistrate Judge erred in recommending a focus on efficiency as an excuse for counsel's performance." (ECF No. 30, PageID 3477, citing ECF No. 28, PageID 3460).

Again, the Report makes no such recommendation. What the Report did was to comment that it took the post-conviction psychologist four months to assemble the report he gave and a general rule requiring such a report "would add substantially to the time needed for felony sentencing." (Report, ECF No. 28, PageID 3460). Simmonds trumpets the truism "[e]fficiency of a system can never come at the expense of constitutional rights." (Objections, ECF No. 30, PageID 3477). That is certainly true and the Report nowhere recommends sacrificing constitutional rights for the sake of "efficiency." The constitutional rights that are enforceable in habeas corpus are those "clearly established" by Supreme Court precedent. When the Supreme Court declares that a person in Simmonds' situation is constitutionally entitled at sentencing to a mitigation presentation such as was presented in post-conviction, this Court will do its duty and enforce that right. But, to repeat, the Supreme Court has never made such a holding.

**Objection 5. Focus on Offense Rather Than Offender**

In his last objection, Simmonds asserts "[t]he Magistrate Judge erred in focusing on the nature of the offense instead of the youthfulness of the offender in determining prejudice." (Objections, ECF No. 30, PageID 3478, citing Report, ECF No. 28, PageID 3461.)

The last portion of the Report was reviewing the Tenth District's decision on the prejudice prong of *Strickland*. The test for prejudice is whether there is a reasonable probability that if counsels' conduct had been different, there would have been a different outcome or result.

As to the prejudice prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

> would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

*Strickland*, 466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

The claim made in this case is ineffective assistance of trial counsel at sentencing, so the relevant question on the prejudice prong of *Strickland* is whether, if trial counsel had done what habeas counsel believes is constitutionally required, was a different sentence reasonably probable. The Report notes the seriousness of the crimes Simmonds committed not out of some lurid fascination with those details, but because those details must be considered by a sentencing judge and weighed against the characteristics of the offender. A sentencing judge cannot just focus on

the youthfulness of the offender. As the Report noted, the Supreme Court of Ohio described the sentencing function of an Ohio judge as follows:

> [T]he overriding purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id*. The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Thus, both the nature of the offender and the possibility of the offender's rehabilitation are already points for the court's sentencing deliberation.

*State v. Long,* 138 Ohio St. 3d at 895-96, ¶ 17. Thus to focus only on the "youthful" characteristics of the offender here, rather than on the offense and Simmonds' non-youthful characteristics (prior criminal record, serious misconduct in jail pending trial, obvious lack of remorse) would have been a violation of the trial judge's duty. The Report merely recommends concluding that the Tenth District's evaluation of how that duty was performed was not an unreasonable application of *Strickland*.

**Certificate of Appealability**

The case is also before the Court on Petitioner's Motion for Certificate of Appealability (ECF No. 29). Under S. D. Ohio Civ. R. 7.2, Respondent's time to oppose the Motion has expired and no memorandum in opposition has been filed. Failure to oppose a motion can be cause under our Local Rules to grant the Motion.

Petitioner asserts reasonable jurists could disagree with the Magistrate Judge's recommended disposition of the case. He bases his argument here and in the Petition on his claim that the "changing landscape of juvenile sentencing" commands the result he seeks: habeas corpus

relief for ineffective assistance of trial counsel at sentencing. Although the Magistrate Judge remains persuaded that such an extension of death penalty practice into non-capital cases requires more in-point precedent from the Supreme Court, it is conceivable that reasonable jurists would disagree. Moreover, Respondent has failed to oppose issuance of a certificate. Accordingly, it is respectfully recommended that a certificate of appealability issue on Petitioner's sole ground for relief.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. However, the Court should also issue a certificate of appealability on the sole ground for relief.

January 1, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.