# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DEVONERE SIMMONDS,

            Petitioner,      :      Case No. 2:19-cv-296

    - vs -                          District Judge Edmund A. Sargus, Jr.
                                     Magistrate Judge Michael R. Merz

RONALD ERDOS, Warden,
  Southern Ohio Correctional Facility,

                                       :
           Respondent.

## OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 33) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 32), recommending dismissal of this case. Respondent has replied to those objections (ECF No. 34). In an earlier Report and Recommendations, the Magistrate Judge had also recommended dismissal ("Report," ECF No. 28). Upon Petitioner's Objections to the original Report, the Court recommitted the case to the Magistrate Judge (Recommittal Order, ECF No. 31), resulting in the Supplemental Report.

Petitioner's crimes were detailed by the court on direct appeal:

> {¶2} On July 21, 2013, Simmonds shot both James Norvet and Quinten Prater in the head. Prater, who was shot with a shotgun, did not survive. Three days later, on July 24, Simmonds fatally shot a third person, Imran Ashgar, a convenience store clerk during a robbery. He shot him in the eye; departed briefly; then returned and shot him a second time in the head as he lay wounded on the floor. Three days after that, during Simmonds' attempt to flee Ohio, Simmonds approached William Rudd at a gas station, shot him in

1

> the face, and stole his truck. Rudd managed to survive. Simmonds was 17 years old when he committed these offenses.

*State v. Simmonds,* 2017-Ohio-2739 (Ohio App. 10th Dist. May 9, 2017). Simmonds was convicted and sentenced to an aggregate term of life imprisonment without the possibility of parole plus forty-eight years. *Id.* at ¶ 9. He appealed, raising claims of ineffective assistance of trial counsel and cruel and unusual punishment, but the state court of appeals affirmed. *State v. Simmonds*, 2015-Ohio-4460 (Ohio App. 10th Dist. Oct. 27, 2015), appellate jurisdiction declined, 145 Ohio St. 3d 1422 (2016).

After unsuccessfully seeking post-conviction relief, Simmonds, represented by the Ohio Public Defender, filed his Petition for Writ of Habeas Corpus in this Court, pleading one ground for relief:

> **GROUND ONE:** Counsel's failure to investigate and present mitigating evidence of youthful characteristics on the juvenile offender's behalf constitutes deficient performance and is prejudicial when the juvenile offender is eligible for a sentence of life without the possibility of parole. Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution; *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland v. Washington*, 466 U.S. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

(Petition, ECF No. 2, PageID 112.)

In his initial Report the Magistrate Judge found Petitioner's claim had been decided on the merits by the Tenth District Court of Appeals on appeal from denial of post-conviction relief and was entitled to deference under 28 U.S.C. § 2254(d)(1) because it was not an unreasonable application of either prong of *Strickland v. Washington,* 466 U.S. 668 (1984)(Report, ECF No. 28).

In his first set of Objections, Simmonds agreed that *Strickland* was the controlling

precedent (Objections, ECF No. 30, PageID 3473). While conceding that the recent string of Eighth Amendment juvenile cases[1] did not speak to ineffective assistance of trial counsel claims, he argued that

> [Those] cases have changed how children are sentenced in a constitutional sense and that, in turn, must impact an attorney's representation. Under *Strickland*, reasonable performance is assessed on "prevailing professional norms." See *Strickland* at 687-91. *Strickland* has staying power because room for growth and change is built into the standard based on how laws develop and change.

*Id.* Simmonds writes not of the holdings of those cases, but of their "doctrine." *Id.* at PageID 3474.

The gist of Simmonds' argument is:

> Our Eighth Amendment understanding has changed. Fourteen years ago, it was legal to execute children for the violent crimes they committed; today it is not. *Roper v. Simmonds* [sic]*, 543 U.S. 551, 578, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). Therefore, an understanding of changes in juvenile sentencing jurisprudence is relevant to the "prevailing professional norms" in the *Strickland* analysis. *Strickland*, 466 U.S. at 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674. Eighth Amendment law has adapted. And, what is reasonable under the Sixth Amendment must adapt too: both the framework for how cases are considered and the investigation and presentation that accompanies it.

*Id.* at PageID 3475.

The Supplemental Report emphasizes that in habeas corpus cases decided after adoption of the AEDPA, it is not the "doctrine" of Supreme Court cases that can justify relief, but only their "clearly established" holdings (ECF No. 32, PageID 3486, citing *Bryan v. Bobby*, 843 F.3d 1099

---

[1] *Roper v. Simmons,* 543 U.S. 551 (2005)(Held: the Eighth Amendment Cruel and Unusual Punishment Clause prohibits execution of those who commit aggravated murder before the age of eighteen); *Graham v. Florida,* 560 U.S. 48 (2010)(Held: the same Clause forbids a life-without-parole sentence for juvenile non-homicide offenders); *Miller v. Alabama,* 567 U.S. 460 (2012)(Held: the same Clause prohibits mandatory life-without-parole sentences for juvenile murderers).

(6th Cir. 2016), citing *White v. Woodall,* 572 U.S. 415 (2014).

The Magistrate Judge agreed with Petitioner's counsel "that the Supreme Court's juvenile justice precedents should influence and guide professional norms in the representation of juveniles." (ECF No. 32, PageID 3485.) The Court also agrees. But that guidance is forward looking. A court sitting in habeas corpus is to evaluate the state court decision of a constitutional issue against what the Supreme Court had held by the time the state courts decided the case. At least since the AEDPA was adopted in 1996, habeas corpus is not the forum for creating new constitutional standards, but for enforcing the standards in place at the time of the state court decisions. *Carey v. Musladin*, 549 U.S. 70, 74 (2006). In this very case Petitioner offered the Supreme Court an opportunity to extend the *Roper, Graham,* and *Miller* learning about juvenile sentencing to change Sixth Amendment law, but the Supreme Court declined to do so. *Simmonds v. Ohio*, 138 S.Ct. 2634 (2018).

With respect to the prejudice prong of *Strickland*, the Tenth District emphasized the very serious nature of the crimes Simmonds committed in a short period of time. The Magistrate Judge found that was an appropriate point. Because it is difficult to imagine a more severe crime spree than the one of which Simmonds was convicted, it is not in any way clear that the mitigation evidence Simmonds eventually presented in post-conviction would have persuaded the trial judge to impose a lesser sentence, given that a life sentence was mandatory.[2]

The case is also before the Court on Petitioner's Motion for a Certificate of Appealability (ECF No. 29) which Respondent did not oppose within the time allowed by S. D. Ohio Civ. R. 7.2. Noting that lack of opposition, the Supplemental Report recommended granting a certificate (ECF No. 32, PageID 3490-91). Respondent did not object to that recommendation within the

---

[2] The sentencing judge had a choice among life without parole, life with parole eligibility at thirty years, or life with parole eligibility at twenty years.

time allowed by Fed.R.Civ.P. 72(b).  Accordingly, the Court certified that reasonable jurists could disagree with this Court's conclusions on the sole ground for relief and GRANTS a certificate of appealability on that ground.

**Conclusion**

Having reviewed the Magistrate Judge's Report and Supplemental Report *de novo*, the Court finds Petitioner's Objections are not well taken and they are OVERRULED.  The Report and Supplemental Report are ADOPTED and the Petition herein is DISMISSED WITH PREJUDICE.  The Clerk will enter judgment to that effect.

Because the Court finds its conclusions could be debatable among reasonable jurists, it certifies that Petitioner's sole ground for relief is appealable to the Sixth Circuit and an appeal may proceed *in forma pauperis*.

5/15/2020                                                          s/Edmund A. Sargus, Jr.
Date                                                                   United States District Judge